The Honorable Gaston Cantens Representative, District 114 300 Southwest 107th Avenue, #213 Sweetwater, Florida 33174
Dear Representative Cantens:
You ask substantially the following questions:
1. Must a multi-passenger van used to transport children to and from school be equipped with safety belts?
2. If so, must the children wear the safety belts while the van is in operation and is failure to do so a "primary offense" under Florida law?
In sum:
1. A van designed to transport more than 10 persons, including the driver, regularly used to transport students is considered a school bus and currently is not required to have or to use safety restraints. However, a school bus purchased after December 31, 2000, must be equipped with safety restraints for each student who is being transported.
2. A van designed to carry no more than 10 persons, including the driver, is a motor vehicle required to have safety restraints that must be used by passengers. The ability to stop a motor vehicle for failure to use a safety restraint as a primary offense depends upon the age of the students being transported.
In light of the interrelated nature of your questions, they will be answered together.
Section 316.6145, Florida Statutes, provides:
"Each school bus that is purchased after December 31, 2000, and used to transport students in grades pre-K through 12 must be equipped with safety belts or with any other restraint system approved by the Federal Government in a number sufficient to allow each student who is being transported to use a separate safety belt or restraint system. These safety belts must meet the standards required under s. 316.614. A school bus that was purchased prior to December 31, 2000, is not required to be equipped with safety belts."[1]
Thus, the plain language of the statute requires seat belts in school buses purchased after December 31, 2000, but specifically exempts those purchased prior to that date.
A "[s]chool bus" is defined as "a motor vehicle regularly used for the transportation of prekindergarten through grade 12 students of the public schools to and from school or to and from school activities, and owned, operated, rented, contracted, or leased by any school board. . . ."[2] Specifically exempted from the definition of a "school bus" are "[p]assenger cars, multipurpose passenger vehicles, and trucks as defined in 49 C.F.R. part 571."[3]
The definitions provided by 49 Code of Federal Regulations, part 571, for "passenger cars" and "multipurpose passenger vehicles" share a common characteristic in that each applies to vehicles that are designed for carrying 10 persons or less.[4] In contrast, a "bus" is defined as a "motor vehicle with motive power, except a trailer, designed for carrying more than 10 persons."[5] Thus, a significant factor in determining whether a vehicle is designated as a school bus is its passenger capacity.
In Attorney General Opinion 92-63, this office considered whether a van designed to transport more than 10 persons, including the driver, was a "school bus" subject to commercial vehicle restrictions under Florida law when it was used by a university. Recognizing that a commercial vehicle includes a school bus designed to transport more than 10 persons, including the driver, and that a "school bus" is defined in the school code as a motor vehicle regularly used to transport prekindergarten through grade 12 students to and from school activities, this office concluded that such a vehicle could be classified as a "school bus." The fact that the van was to be used by a university and not for the transportation of prekindergarten through grade 12 students, however, removed it from the "school bus" definition in the school code.[6]
In the instant situation, if the van is designed to carry more than 10 persons, then its use to regularly transport prekindergarten through grade twelve students of public schools makes it a "school bus" subject to the requirements in section316.6145, Florida Statutes.[7] Alternatively, if a van is designed to carry 10 persons or less, then it would not be a school bus under the school code, despite its use to transport students.
Section 234.02(1), Florida Statutes, recognizes that there may be instances when a school board may regularly use motor vehicles other than school buses. One of the enumerated instances is:
"When the transportation of students is necessary or practical in a motor vehicle owned or operated by a school board other than a school bus and such transportation is provided in designated seating positions in a passenger car not to exceed 8 students or in any other motor vehicle designed to transport 10 or fewer persons which meets all federal motor vehicle safety standards for passenger cars."[8]
The statute goes further to say: "When students are transported in motor vehicles, the occupant crash protection system provided by the vehicle manufacturer must be used unless the student's physical condition prohibits such use."[9]
While a van designed to carry no more than 10 persons would not be considered a "school bus" for purposes of the school code, it would fall under the definition of a motor vehicle for purposes of the "Florida Safety Belt Law."[10] Pursuant to section 316.614(4), Florida Statutes, it is unlawful for any person to operate a motor vehicle "unless each passenger of the vehicle under the age of 16 years is restrained by a safety belt or by a child restraint device pursuant to s. 316.613, if applicable[.]"
Section 316.613, Florida Statutes, requires specific child restraint devices if a child 5 years of age or younger is transported in a motor vehicle. For children aged through 3 years, the restraint must be a separate carrier or a vehicle manufacturer's integrated child seat. For a child 4 through 5 years of age, a separate carrier, an integrated child seat, or a seat belt may be used.
A violation of section 316.614, Florida Statutes, is a nonmoving violation, the enforcement of which "must be accomplished only as a secondary action when a driver of a motor vehicle has been detained for a suspected violation of another section of this chapter, chapter 320, or chapter 322."[11] Any person who violates section 316.613, Florida Statutes, however, commits a moving violation, punishable as provided in Chapter 318, Florida Statutes.[12]
Thus, the ability to stop a motor vehicle for failure to use a safety restraint depends upon the age of the child. Failure to use a safety restraint for a child 5 years of age or younger while being transported in a motor vehicle is a primary offense. For children older than 5 years of age, failure to use a safety restraint is a secondary offense. As noted above, the school code recognizes that safety restraints in motor vehicles used to transport students must be used, unless the physical condition of the student prohibits it.
Accordingly, a van with the capacity to transport more than 10 persons that is regularly used by a school board to transport students in prekindergarten through grade 12 would be a "school bus" and, while currently not required to have safety restraints, would be subject to the safety restraint requirements in section316.6145, Florida Statutes, if the van is purchased after December 31, 2000. If such a van has a capacity of no more than 10 persons, it is a motor vehicle in which, generally, passengers are required to use safety restraints. Whether the van may be stopped for failure to use a safety restraint as a primary offense depends upon the age of the child passenger.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 316.6145(1)(a), Fla. Stat.
[2] Section 234.051(1), Fla. Stat.
[3] Section 234.051(1)(a), Fla. Stat.
[4] 49 C.F.R. § 571.3(b), defines "[p]assenger car" as a "motor vehicle with motive power, except a low-speed vehicle, multi-purpose passenger vehicle, motorcycle, or trailer, designed for carrying 10 persons or less," and defines "[m]ultipurpose passenger vehicle" as "a motor vehicle with motive power, except a low-speed vehicle or trailer, designed to carry 10 persons or less which is constructed either on a truck chassis or with special features for occasional off-road operation."
[5] Id.
[6] Section 234.051(1), Fla. Stat.
[7] Cf., Op. Att'y Gen. Fla. 85-97 (1985).
[8] Section 234.02(1)(d), Fla. Stat.
[9] Section 234.02(1), Fla. Stat. See also, s. 234.02(5), Fla. Stat., stating that "[w]hen transportation is authorized in privately owned vehicles, students may be transported only in designated seating positions and must use the occupant crashprotection system provided by the vehicle manufacturer." (e.s.)
[10] See, s. 316.614(3), Fla. Stat.
[11] Section 316.614(8), Fla. Stat.
[12] Section 316.613(5), Fla. Stat.